# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GREGORY HORNE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:20-CV-71-TLS-JPK |
| | ) |
| VIKTOR KRECKER and IMPEL | ) |
| TRANSPORT, LTD, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Defendants Viktor Krecker and Impel Transport, Ltd. invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing a Notice of Removal to federal court. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiff Gregory Horne and Defendants must be citizens of different states, and the amount in controversy must be more than $75,000. Defendants have alleged a sufficient amount in controversy. Defendants have also sufficiently alleged the citizenship of Plaintiff and Defendant Krecker. However, the allegations are insufficient as to the citizenship of Defendant Impel Transport, Ltd.

The Notice of Removal states:

> [a]t both the time of the incident which is the subject of the plaintiff's Complaint for Damages, and at the time of the filing of this Notice of Removal . . . , Impel Transport, Ltd. is a limited company registered to do business in Canada with its principal place of business in Winkler, Province of Manitoba, country of Canada.

(Notice of Removal ¶ 2, ECF No. 1). The Notice of Removal further states: "[a]t both the time of the incident which is the subject of the plaintiff's Complaint for Damages, and at the time of the filing of this Notice of Removal, all of the principals of Impel Transport, Ltd. were residents of the country of Canada." *Id.* at ¶ 3. These allegations are insufficient for the purpose of determining citizenship.

The allegations regarding the citizenship of Defendant Impel Transport, Ltd. are unclear as to its organizational form. This information is important because for purposes of establishing diversity jurisdiction, a corporation's citizenship is different than that of a limited liability company or partnership.

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)).

Conversely, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, if Defendant Impel Transport, Ltd. is actually akin to a limited liability company or partnership, the Court must be advised of the identity of each of its members or partners and advised of each member's or partner's citizenship. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). It is not sufficient to broadly allege that all members of a limited liability company or partners of a partnership are citizens of a particular state. *See Thomas*, 487 F.3d at 533-34 ("blanket declaration" that an LLC's member(s) "are citizens of another state," and "naked declaration that there is diversity of citizenship," are both insufficient); *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (explaining that the court would "need to know the name and citizenship(s)" of each partner for diversity jurisdiction purposes). Moreover, citizenship must be "traced through multiple levels" for those members who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Therefore, the Court **ORDERS** Defendants to **FILE**, on or before **March 4, 2020**, a supplemental jurisdictional statement and supporting brief providing:

1. A statement of law regarding the nature of the Canadian limited company entity for the purpose of determining its citizenship in the context of diversity jurisdiction under 18 U.S.C. § 1332 and a discussion of why Defendant Impel Transport, Ltd. should be

considered either a corporation, limited liability company, or partnership in this context.

2. Sufficient allegations as to the citizenship(s) of Defendant Impel Transport, Ltd., as outlined above.

So ORDERED this 19th day of February, 2020.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT