UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GREGORY HORNE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:20-CV-71-TLS-JPK |
| | ) | |
| VIKTOR KRECKER and IMPEL | ) | |
| TRANSPORT, LTD, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to Amend Complaint Pursuant to F.R.C.P. 15(2) [DE 17], filed by Plaintiff Gregory Horne on September 17, 2020. Defendants Viktor Krecker and Impel Transport, Ltd. did not file a response, and the time to do so has passed. In the instant motion, Plaintiff seeks leave to file an Amended Complaint so as to add additional defendants: Barry R. Williams, R & R Express, Inc., Roberto Velazquez, Horizon Freight System, Inc., Scorpion Trucking, Inc., Ryan C. Turley, and Chicago Logistic Service, Inc. For the following reasons, the motion is denied without prejudice.

Per the Notice of Removal filed at Docket Entry 1, the Court's February 19, 2020 Opinion and Order at Docket Entry 7, and Defendants' jurisdictional statement filed at Docket Entry 9, the Court has subject matter jurisdiction over this matter via diversity jurisdiction. On the allegations in Plaintiff's Amended Complaint, the Court is unable to determine whether the addition of Barry R. Williams, R & R Express, Inc., Roberto Velazquez, Horizon Freight System, Inc., Scorpion Trucking, Inc., Ryan C. Turley, and Chicago Logistic Service, Inc. as parties to this matter would destroy diversity.

This determination is of critical importance because, "[w]hen joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the district

court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009) (explaining that "[t]hese are the only options; the district court may not permit joinder of a nondiverse defendant *and* retain jurisdiction"). "A district court has discretion to permit or deny post-removal joinder of a nondiverse party, and the court should balance the equities to make the determination." *Id.* When determining whether post-removal joinder of a nondiverse party is appropriate, the court considers the following factors: "(1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations." *Id.* Without proper allegations as to the citizenship of the parties Plaintiff seeks to add, the Court is unable to determine whether joinder of these entities would destroy diversity and necessitate a consideration of the factors outlined in *Schur*.

For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Per the Notice of Removal and Defendants' jurisdictional statement, Plaintiff is a citizen of Florida, Defendants Viktor Krecker and Impel Transport, Ltd. are citizens of Canada, and the amount in controversy exceeds $75,000. The proposed Amended Complaint states as follows:

> 5. . . . Barry R. Williams is a resident of the state of Pennsylvania.
>
> 6. . . . R & R Express, Inc., is a citizen of, and is incorporated in, the state of Pennsylvania.
>
> . . .
>
> 8. . . . Roberto Velazquez is a resident of the state of Illinois.
>
> 9. . . . Horizon Freight System, Inc., is a citizen of, and is incorporated in, the state of Ohio.

2

> 10. . . . Scorpion Trucking, Inc., is a citizen of, and is incorporated in, the state of Illinois.
>
> 12. . . . Ryan C. Turley is a resident of the state of Illinois.
>
> 13. . . . Chicago Logistic Service, Inc., is a citizen of, and is incorporated in, the state of Illinois.

(Mot. Am. Compl. Ex. A ¶¶ 5-6, 8-10, 12-13, ECF No. 17-1). These allegations are insufficient for the purpose of determining citizenship.

"The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 836 (S.D. Ill. 2006). Allegations of residency in a state are not sufficient. *See id.* at 835 (diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state"). The Court must therefore be advised of the state of citizenship for Barry R. Williams, Roberto Velazquez, and Ryan C. Turley, not their state of residence.

Further, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Seventh Circuit Court of Appeals has further "held that 'when one corporation sues another and the only basis of federal jurisdiction is diversity, the [party asserting federal jurisdiction] must allege both the state of incorporation *and* the state of principal place of business for each corporation.'" *Wojan v. Gen. Motors Corp.*, 851 F.2d 969, 974-75 (7th Cir. 1988) (citing *Casio, Inc. v. S.M. & R. Co., Inc.*, 755 F.2d 528, 529-30 (7th Cir. 1985)); *see also Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 628 (7th Cir. 1998) ("in cases with corporate parties, it is necessary to allege both the state of incorporation and the state of the principal place of business, even if they are one and the same." (internal citation omitted)). The

Court must therefore be advised of both the state of incorporation *and* the state of the principal place of business for R & R Express, Inc., Horizon Freight System, Inc., Scorpion Trucking, Inc., and Chicago Logistic Service, Inc.

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff Gregory Horne's Motion for Leave to Amend Complaint Pursuant to F.R.C.P. 15(2) [DE 17]. The Court **GRANTS LEAVE** for Plaintiff to refile a motion for leave to file his Amended Complaint, on or before **October 20, 2020**, that contains proper allegations as to the citizenship of Barry R. Williams, R & R Express, Inc., Roberto Velazquez, Horizon Freight System, Inc., Scorpion Trucking, Inc., Ryan C. Turley, and Chicago Logistic Service, Inc. If joinder of these parties would destroy diversity, Plaintiff must further address the factors outlined in *Schur* that would be relevant to the Court's determination of his motion.

So ORDERED this 6th day of October, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
